UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILES ORLANDO LEE, #217911,

    Plaintiff,

v.                                        CASE NO. 2:16-CV-10561
                                          HONORABLE ARTHUR J. TARNOW

LORETTA LYNCH, et al.,

    Defendants.
                                        /

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.    INTRODUCTION**

This matter is before the Court on a *pro se* complaint for a writ of mandamus brought pursuant to 28 U.S.C. § 1361. Michigan prisoner Miles Orlando Lee ("Plaintiff"), currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, seeks to compel the defendants to act on his allegations of sexual harassment and retaliation. He names the United States Attorney General, the Michigan Attorney General, the Director of the Michigan Department of Corrections, and the Gus Harrison Warden as the defendants. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1).

**II.    LEGAL STANDARDS**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).

Complaints for a writ of mandamus are subject to the screening functions of 28 U.S.C. § 1915.  *See Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001) ("The PLRA applies to mandamus petitions that seek relief analogous to civil complaints under 42 U.S.C. § 1983."); *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (finding petitions for a writ of mandamus are included within the meaning of the term "civil action" as used in § 1915).

### III.   DISCUSSION

Plaintiff brings this mandamus action pursuant to 28 U.S.C. § 1361.  That statute provides:  "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."   28 U.S.C. § 1361.  By its terms, the statute only applies to officers or employees of the United States and does not apply to state officials or employees.  *See Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("federal courts have no authority to issue writs of mandamus to direct state courts or judicial officers in the performance of their duties"); *see also Pennhurst State Sch. & Hosp. v.*

*Lee v. Lynch, et al.*
Case No. 2:16-CV-10561
Page 4 of 6

*Halderman*, 465 U.S. 89, 106 (1984) ("it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law"). Consequently, the Court lacks subject matter jurisdiction to issue a writ of mandamus as to the state officials named as defendants in this case. *See Howard v. Horton, et al.*, No. 2:14-cv-127, 2014 WL 3519110, *1 (W.D. Mich. July 15, 2014) (dismissing mandamus complaint against state officials as frivolous); *Howard v. United States*, No. 2:13-cv-340, 2014 WL 801423, *2-3 (W.D. Mich. Feb. 28, 2014) (same); *In re Williams v. Michigan*, No. 5:10-CV-12264, 2010 WL 2507781, *1 (E.D. Mich. June 17, 2010) (ruling that § 1361 has "no application" to state officials). Plaintiff's mandamus action against the state defendants is therefore frivolous and must be dismissed.

Plaintiff's complaint against the federal defendant fares no better. The remedy of mandamus "is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 402 (1976); *Gresham v. Correctional Med. Svs., Inc.*, 650 F.3d 628, 630 (6th Cir. 2011). To warrant mandamus relief, a plaintiff must demonstrate that: 1) he has a clear right to relief; 2) the defendant has a clear, non-discretionary duty to act; and 3) there is no other adequate remedy available. *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984); *Carson v. United States Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011).

In this case, Plaintiff fails to show that the United States Attorney General has a clear duty to act on his allegations of sexual harassment and retaliation in state prison. *See, e.g., Misiak*, 22 F. App'x at 386 (affirming district court's dismissal of mandamus action against FBI Director and United States Attorney General because they had no duty to investigate state prisoner's claims of improper conduct by state prison officials); *see also Budrow v. Leffler*, 86 F. App'x 899 (6th Cir. 2004) (affirming sua sponte dismissal of mandamus action where plaintiff did not assert a clear right to any nondiscretionary duty to act). Plaintiff also fails to show that there is no other adequate remedy available to address his claims. To the extent that Plaintiff wants to seek relief from alleged sexual harassment and retaliation by state prison officials, he may file a civil rights action in federal court pursuant to 42 U.S.C. § 1983. Plaintiff's mandamus action against the federal defendant is therefore frivolous and must be dismissed.

*Lee v. Lynch, et al.*
Case No. 2:16-CV-10561
Page 6 of 6

## IV. CONCLUSION

For the reasons stated, the Court concludes Plaintiff's mandamus action under 28 U.S.C. § 1361 is frivolous. Accordingly, the Court **DISMISSES WITH PREJUDICE** his complaint for a writ of mandamus pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: February 24, 2016